UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nina Soto,

Plaintiff,

v.

Cabrera & Rephen PC
and Lisa Swanson,

Defendants.

Civil No. 00-1731 (ADM /SRN)

**ORDER**

---

Thomas J. Lyons, Jr., Esq., on behalf of Plaintiff.

John K. Rossman Esq., on behalf of Defendants.

---

This matter came before the undersigned United States Magistrate Judge on November 15, 2000, on Plaintiff's Motion for Attorneys' Fees and Costs. In accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have voluntarily consented to have the undersigned United States Magistrate Judge conduct any and all proceedings in the case.

## I. BACKGROUND

On or about July 24, 2000, plaintiff commenced this action against defendants alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"). On October 18, 2000, defendants tendered to plaintiff, via United States Mails, an Offer of Judgment pursuant to Fed. R. Civ. P. 68 in the amount of $2,002 plus reasonable attorneys' fees and costs. Plaintiff accepted defendant's Rule 68 Offer of Judgment.

The only issue presented to this Court is a determination of plaintiff's reasonable attorneys' fees and costs to be awarded pursuant to the Rule 68 Offer of Judgment. Plaintiff

FILED NOV 17 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

presented to the Court an Affidavit of Time and Expenses in the amount of $4,648.

## II. DISCUSSION

The Court has broad discretion in determining the amount of attorneys' fees that are reasonable in an FDCPA action. Bell v. United Princeton Properties, Inc., 884 F.2d 713, 721 (3rd Cir. 1989). In reviewing the Affidavit submitted by plaintiff's counsel in support of its fees and costs, the Court finds that:

1. Mr. Lyons' hourly rate of $200 per hour is reasonable in this community;

2. The amount of time spent on this matter as described in the Affidavit from July 6, 2000, through October 23, 2000, appears to be reasonable.

The parties agree that the Offer of Judgment was mailed to Mr. Lyons on October 18, 2000, and therefore received a few days later. The entries on the affidavit submitted by Mr. Lyons reflect that from July 6, 2000, through October 23, 2000, the amount billed for attorneys' fees was $3,200. With respect to costs, although the costs were paid after October 23, 2000, they appear to relate to expenses incurred before that date.

Based upon all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Plaintiff's Motion for Attorneys' Fees and Costs is **GRANTED** in part and **DENIED** in part. Plaintiff is awarded $3,200 in fees and $180 in costs.

Dated: November 16, 2000

Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge